**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | Criminal Case No. 2:22cr00028 |
| v. | ) | |
| | ) | **REPORT AND** |
| **ANTHONY CURTIS STEVEN HOLMES,** | ) | **RECOMMENDATION** |
| | ) | |
| Defendant | ) | |

### I. Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

### II. Facts

The defendant has been charged in a two-count Information. On November 29, 2022, a plea hearing was conducted before the magistrate judge, and the defendant entered pleas of guilty to Counts One and Two of the Information, charging him with conspiracy to distribute and/or possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

At this hearing, the defendant was placed under oath and testified that he is 37 years old and that he had dropped out of school in the eleventh grade but had received his general educational development, ("GED"), diploma. The defendant testified that he reads and writes the English language. The defendant denied that he had ever suffered from, been diagnosed with or treated for any type of mental illness. The defendant testified that he had a serious substance abuse history, including the prior use and abuse of benzodiazepines, marijuana, cocaine, heroin, prescription opiates, Suboxone and methamphetamine. The defendant testified that he had received no treatment for his substance abuse, other than being prescribed Suboxone. The defendant stated that he had not used any of these substances in more than a year, and that his recent substance abuse, and/or the lack of treatment, did not affect his current ability to make decisions in his best interest, or his ability to understand the nature of the proceedings or the consequences of pleading guilty to the charges he faced. He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

The defendant stated that he was fully aware of his right to grand jury indictment, that he had discussed that right with his counsel and that he wished to waive his right to grand jury indictment and consent to allow the Government's case against him to proceed on the two-count Information filed with the court. The defendant stated that, other than the terms of the Plea Agreement filed in this matter, no one had made any other promises to him or in any way had attempted to force him into waiving his grand jury indictment right. The undersigned accepted the defendant's waiver of his grand jury indictment rights, finding that the defendant was doing so knowingly and voluntarily.

–2–

The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant was advised in open court of the charges contained against him in the Information. He testified that he had fully discussed the charges, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his plea is accepted, he will be adjudged guilty of the offenses and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that the offenses with which he is charged are drug offenses and that, if his plea to these charges is accepted, he will be adjudged guilty of the offenses and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and

food stamp benefits.

The defendant was informed of the possible maximum and mandatory minimum penalties provided by law for the offenses with which he is charged. In particular, the defendant stated that he understood that the drug conspiracy offense to which he was pleading guilty carried a mandatory minimum sentence of 25 years' imprisonment based on his prior felony drug convictions. The defendant stated that he understood that, if he fulfilled his obligations under the Plea Agreement, the Government was agreeing not to seek the sentencing enhancement imposing the mandatory minimum 25-year sentence based on his prior felony drug convictions. Instead, the Government would agree that, based on the drug weight, the mandatory minimum sentence for the conspiracy offense was 10 years' imprisonment.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed, and both parties have an opportunity to challenge the reported facts and the application of the guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the guidelines and impose a sentence that is more severe or less severe than the sentence called for by the guidelines. He stated that he understood that the Sentencing Guidelines were no

longer mandatory, and after considering the guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

　　i.　　The right to plead not guilty to any offense charged against him;
　　ii.　　The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
　　iii.　　The right of assistance of counsel;
　　iv.　　The right to see, hear and cross-examine witnesses;
　　v.　　The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
　　vi.　　The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his plea and asked the court to accept his plea of guilty to Counts One and Two of the Information.

The Government presented the following evidence regarding the offense with which the defendant is charged:

**As to Count One:** Between August 1, 2021, and the present, the defendant, Anthony Curtis Steven Holmes, the co-conspirators listed in the Information, and others, knowingly and intentionally conspired to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in Wise, Lee and Scott Counties in the Western District of Virginia.

The evidence would show that during the relevant period, Holmes bought and sold methamphetamine from and to lead co-conspirator Michael White on multiple occasions. Holmes also sold significant quantities of methamphetamine to other co-conspirators, including Tiny Westmoreland, Hailee Dietz, Paul Jones and other persons in the Wise County community, at times during the relevant conspiracy selling five to six ounces of methamphetamine per day. Most of these transactions occurred at Holmes' residence. The evidence also would show that Holmes made trips to Kingsport, Tennessee, to obtain methamphetamine from co-conspirator Timmy Jones, which Holmes then brought back to southwest Virginia for further distribution.

The evidence would show that Holmes had knowledge of the overall objectives and scope of the conspiracy and knowingly and voluntarily participated in it.

Finally, the evidence would show that at the time of the charged conspiracy, Mr. Holmes had been convicted of one or more serious drug offenses committed on different occasions. Specifically, on January 24, 2011, Mr. Holmes was convicted in the Circuit Court of Wise County for two counts of distributing Schedule II controlled substances, namely Oxycodone and Morphine, with different offense dates as listed in the Information. Mr. Holmes was sentenced to ten years, with eight years and ten months suspended, on each of those counts.

**As to Count Two:** The evidence would show that on October 20, 2021, Holmes knowingly and intentionally distributed approximately one gram of methamphetamine, a Schedule II controlled substance, to a confidential informant for $100. The controlled buy from Holmes was audio and video recorded and took place in Appalachia, Virginia, which is within the Western District of Virginia.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Two of the Information; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

### RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's plea of guilty to Counts One and Two of the Information and adjudge him guilty of those offenses.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and

recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED: This 29th day of November, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE